```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                                :
SERGIO KHOROSH and              :
VERA KHOROSH,                   :
                                :
            Plaintiffs,         :    08 Civ. 543 (AKH)
                                :
       v.                       :
                                :
U.S. CUSTOMS AND BORDER         :
PROTECTION,                     :
                                :
            Defendants.         :
-------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION TO DISMISS THE COMPLAINT

MICHAEL J. GARCIA

United States Attorney for the
Southern District of New York

Attorney for the United States
of America.

SHARON E. FRASE
Assistant United States Attorney

- Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
                                :
SERGIO KHOROSH and              :
VERA KHOROSH,                   :
                                :
             Plaintiffs,        :    08 Civ. 543 (AKH)
                                :
     v.                         :
                                :
                                :
U.S. CUSTOMS AND BORDER         :
PROTECTION,                     :
                                :
             Defendant.         :
-------------------------------x
```

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION'S TO DISMISS THE COMPLAINT

The United States Drug Enforcement Administration, by Michael Garcia, United States Attorney for the Southern District of New York, Sharon E. Frase, Assistant United States Attorney, of counsel (the "Government"), pursuant to Federal Rule of Civil Procedure Rules 12(b)(1) and 12(b)(6), respectfully submits this Memorandum of Law in support of the Government's motion to dismiss the above-captioned complaint (the "Complaint" or "Compl. ¶__) filed by the plaintiffs, Sergio Khorosh and Vera Khorosh ("Plaintiffs") who bring this equitable action for recovery of property seized and forfeited by U.S. Customs and Border Protection. Plaintiffs allege that their personal property, in the form of $15,326.00 in United states currency (the "Currency"), four laptop computers, one desktop computer, jewelry, a cassette recorder with tape, computer disks, a roll of

film, a cellular phone, and a camera (collectively, the "Defendant-in-Rem property"), was seized and forfeited in violation of their rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution. Named as a defendant is the U.S. Customs and Border Protection ("Customs").

Vera Khorosh seeks the return with interest of the Currency. Sergio Khorosh seeks the return of the remainder of the Defendant-in-rem property, with appropriate interest. The Plaintiffs also seek reversal of any forfeiture of the Defendant-in-rem property, as well as legal fees and expenses.

For the reasons set forth below, the Plaintiffs' claim for return of the Defendant-in-rem property and the other equitable relief sought should be dismissed for lack of subject matter jurisdiction. The Plaintiffs' claim to set aside the forfeiture of the defendant-in-rem property should be construed as a request for relief under Section 983(e) of Title 18, United States Code. In the event the Plaintiffs' cannot make the necessary showing under Section 983(e) – that they did not have actual notice the Defendant-in-rem property had been seized – their request to set aside the forfeiture of the Defendant-in-rem property should be denied.

## BACKGROUND

Construing the allegations in the Complaint in the

light most favorable to the Plaintiffs, the relevant facts are as follows. On May 9, 2005, law enforcement officials, including Customs agents, executed a search warrant on 120 Debs Place, Apartment #2B, Bronx, New York 10475. In connection with the search, Customs seized, among other things, all of the Defendant-in-rem property, all of which was located within the apartment.[1] Compl. ¶¶ 8, 10. Khorosh was arrested on the same day. The Currency allegedly was owned by Vera Khorosh, who claims that she gave the Currency to Sergio Khorosh so that he could buy a motor vehicle for her. Id. ¶¶ 11-13.

Subsequently, Sergio Khoresh was charged in United States District Court for the Southern District of New York, in indictment 05 Cr. 571 (the "Indictment"), with weapons trafficking and interstate sale of 1,000 or more counterfeit police badges, in violation of 18 U.S.C. §§ 922(a)(3), 716, 1342, and 2320(a).[2] On February 17, 2006, Khoresh pleaded guilty to the charges in the Indictment, and on December 20, 2006, was sentenced to a period of imprisonment of 18 months.

In the meantime, Customs had initiated civil administrative forfeiture proceedings as to the Defendant-in-rem

---

[1] Other items seized, which are not part of this action, included handcuffs, a bullet-proof vest, police clothing, and a police scanner. (See Compl. Ex. A.)

[2] While the charges and disposition of Sergio Khoresh's criminal case are not set forth in the Complaint, they appear on the public docket in United States v. Khoresh, 05 Cr. 571 (JES).

3

property. Because no one had filed any claim contesting the seizure, on or about October 7, 2005, all seized property was forfeited to Customs. Id. ¶ 16. Plaintiffs allege that they never received notice of the seizure and the intended forfeiture.

Approximately sixteen months later, Plaintiffs' attorney contacted Customs "inquiring as to how to file a claim with the agency for the return of property that has been seized by Customs." Id. ¶ 19. Further communications with Customs ensued. In December 2007, Plaintiffs' counsel confirmed that the Defendant-in-rem property had already been forfeited on October 7, 2005. Id. ¶ 20-28.

Plaintiffs' filed the instant Complaint on or about January 22, 2008.

## ARGUMENT

### The Complaint Must Be Dismissed to the Extent it Seeks Relief Other Than Setting Aside the Administrative Forfeiture

Plaintiffs seek relief on the grounds that they did not receive adequate notice of the seizure and forfeiture in violation of their rights to due process under the Fifth and Fourteenth Amendments. Plaintiffs claim relief under the Court's equitable jurisdiction to return the Defendant-in-rem property and attorneys' fees. These claims must be dismissed for lack of subject matter jurisdiction. The Claimants also request that Customs' forfeiture of the Defendant-in-rem property be set aside. This request should be construed as a motion for relief

4

under Section 983(e) of Title 18, United States Code, which provides the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. Furthermore, the request should be denied in the event the Plaintiffs cannot show that they did not have actual notice of the seizure.

Section 981 of Title 18, the United States Code, subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable" to certain unlawful activities such as money laundering or trafficking in counterfeit goods and services. 18 U.S.C. § 983(a). The provisions of the customs laws relating to summary and judicial forfeiture apply to seizures and forfeitures incurred under Section 981. See 18 U.S.C. § 981(d). Under the customs laws, 19 U.S.C. § 1602 et seq., property valued at less than $500,000 is subject to summary administrative forfeiture.[3] 19 U.S.C. §§ 1607-09. These laws require Customs to provide publication and written notice of seizure and intent to forfeit. 19 U.S.C. §§ 1607; 19 C.F.R. § 162.31. To prevent summary forfeiture and obtain a judicial forfeiture hearing, a claimant must filed a claim to the seized property. 19 U.S.C. § 1608.

Federal district courts lack jurisdiction to review the

---

[3] Currency, a "monetary instrument" under 31 U.S.C. § 5312(a), is subject to administrative forfeiture under 19 U.S.C. § 1607(a)(4)(3).

merits of administrative forfeiture decisions. United States v. One Jeep Wrangler, 972 F.2d 472, 480 (2d Cir. 1992). The institution of the civil forfeiture proceeding divests the district court of its jurisdiction. see also Hernandez Diaz v. U.S. Department of Homeland Security, No. 06-5301-cv, 2008 U.S. App. LEXIS 4071 (2d Cir. Feb. 26, 2008) ("Commencement of a civil or administrative forfeiture proceeding ordinarily deprives the district court of subject matter jurisdiction to review the merits of the forfeiture on a Rule 41(g) motion").

However, once the administrative forfeiture proceeding is completed, and the claimant no longer has the opportunity to raise objections to the seizure in that forum, civil equitable jurisdiction may be invoked to determine whether proper procedural safeguards were observed. See Polanco v. Drug Enforcement Administration, 158 F.3d 647, 651 (2d Cir. 1998); Boero v. Drug Enforcement Administration, 111 F.3d 301, 304-05 (2d Cir. 1997); One Jeep Wrangler, 972 F.2d at 479; Scarabin v. Drug Enforcement Administration, 919 F.2d 337, 338 (5th Cir. 1990)(noting that review of administrative forfeiture is limited to review of procedure).

In April 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub L. No. 106-185, 11 Stat. 202, codified in part at 18 U.S.C. § 983. CAFRA overhauled procedures for most federal civil and nonjudicial forfeiture

6

actions filed after August 23, 2000, including those brought against property subject to forfeiture under 18 U.S.C. § 981. See United States v. $557,933.89, More or Less, in United States Funds, 287 F.3d 66, 76 n. 5 (2d Cir. 2002) (CAFRA "consolidated and dramatically overhauled the procedures for civil . . . forfeiture proceedings."). CAFRA is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5); see Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005). In passing CAFRA, "Congress has attempted to create a single avenue for challenging a forfeiture of property seized by the federal government." Guzman v. United States, No. 05 Civ. 4902, 2005 WL 2757544 (S.D.N.Y. Oct. 24, 2005).

Because Customs initiated the forfeiture in this case after August 23, 2000, CAFRA governs, and the Plaintiffs therefore are limited in this Court to challenging the administrative forfeiture of the Defendant-in-rem property under 18 U.S.C. § 983(e). The Plaintiffs' complaint must be dismissed insofar as it seeks the return of property or any other relief beyond setting aside the declaration of forfeiture of the Defendant-in-rem property.

The standards for granting a motion for relief under Section 983(e) are as follows:

e) Motion to set aside forfeiture.-

>       (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-
>         (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>         (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>       (2)(A) Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.[4]

18 U.S.C. § 983(e). Simply stated, Plaintiffs must show that the government did not take "reasonable steps" to provide notice, and that they did not have "reason to know of the seizure with

---

[4] If the Government has already disposed of the forfeited property at the time the motion under § 983(e)(1) is made, "the Government may institute proceedings against a substitute sum of money equal to the value of the moving party's interest in the property at the time the property was disposed of." 18 U.S.C. § 983(e)(5).

sufficient time to file a timely claim." See Johnson v. United States, 2004 WL 2538649, at *2 (S.D. Ind. 2004) (under section 983(e), the claimant has the burden of showing both that the Government did not take reasonable steps to provide notice, and that he did not have reason to know of the seizure within sufficient time to file a timely claim).

The Government opposes the Plaintiffs' application only with respect to the second of these two points. At this juncture, Plaintiffs have not met their burden to show that they "did not know or have reason to know of the seizure with sufficient time to file a timely claim," as required by 18 U.S.C. § 983(e). There is no allegation in the Complaint that either Plaintiff was unaware of the seizure. Indeed, from the materials attached to the Complaint, it appears that they did have notice. According to the custody receipts attached to the Complaint, the Defendant-in-rem property was seized from "Sergey Khorosh." (Ex. A). According to the criminal docket in his case, Khorosh was arrested on May 9, 2005, the same day as the search and seizure. Counsel for Vera Khorosh represented to Customs on June 5, 2007, that Ms. Khorosh owns and operates the premised at 120 Debs Place, Apartment 2B, where Customs agents executed the search and seizure warrant. (Ex. B. p. 2).

## CONCLUSION

The Court should construe the Plaintiffs' claims as a

9

request for relief under 18 U.S.C. § 983(e), and dismiss the Plaintiffs' Complaint to the extent it seeks any relief other than an order setting aside the administrative forfeiture. If Plaintiffs cannot make the necessary showing under Section 983(e), their request to set aside the administrative forfeiture should be denied.

Dated:      New York, NY
            April 8, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney

                        By:   _____
                              SHARON E. FRASE (SEF-4906)
                              Assistant United States Attorney
                              (212) 637-2329