1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SERGIO KHOROSH and VERA              **Docket No. 08 Civ. 543 (AKH)**
KHOROSH,

                            Plaintiffs,

   -against-

U.S. CUSTOMS AND BORDER
PROTECTION,

                           Defendant.
-----------------------------------------------------X



**MEMORANDUM IN OPPOSITION TO THE MOTION BY THE
GOVERNMENT TO DISMISS THE COMPLAINT**



                                                        Sam Braverman
                                                        Attorney for Plaintiffs
                                                        901 Sheridan Avenue
                                                        Suite 201
                                                       Bronx, New York 10451
                                                       (718) 293-1977

**INTRODUCTION**

The U.S. Customs and Border Protection ("Customs" herein), by Michael Garcia, United States Attorney for the Southern District of New York, Sharon. E. Frase, Assistant United States Attorney, of counsel (the "Government" herein), has moved the Court to dismiss the above-captioned complaint (the "Complaint" or "Compl. ¶ __" herein) filed by the Plaintiffs. Plaintiffs, Vera Khorosh and Sergio Khorosh, have brought this equitable action for the recovery of property seized and forfeited by Customs in violation of their rights to due process under the Fifth and Fourteenth Amendments.

**BACKGROUND[1]**

On May 9, 2005, agents from Customs executed a search warrant of the premises located at 120 Debs Place, Apartment #2B, Bronx, New York 10475. Plaintiff Sergio Khorosh was the legal resident of the aforementioned premises. As per the search warrant, the agents seized, among other things, four laptops, one desktop computer, jewelry, a cassette recorder with audio tape, computer disks, a roll of film, a cellular phone, and a camera (the "Property" herein). Additionally, Customs seized $15,326.00 in United States Currency (the "Currency" herein). Copies of the relevant Custody Receipts for Seized Property and Evidence issued by Customs are attached collectively herein as "Exhibit D". All the Property recovered in Mr. Khorosh's apartment was in his possession and was owned by Mr. Khorosh. However, the Currency that was seized by Customs was owned by Vera Khorosh and given to her son, Sergio, to purchase a motor

---

[1] All factual allegations contained in this section are based upon a review of the discovery from the criminal matter (Docket No. 05 Cr. 571 (JES )) and the affidavits of Sergio Khorosh (attached as "Exhibit A"), Vera Khorosh (attached as "Exhibit B"), and Robert Baum, Esq. (attached as "Exhibit C"). Any specific allegations will be specifically referenced in the text.

2

vehicle on behalf of Ms. Khorosh. The latter fact was known by Government. Exhibit C, ¶7-8.

Subsequent to the search of the premises, Sergio Khorosh was charged in United States District Court for the Southern District of New York with Transportation of a Weapon and Trafficking of Counterfeit Goods under Indictment 05 Cr. 571, in violation of 18 U.S.C. §§922(a)(3), 716, 1342, and 2320 (a).[2] On February 17, 2006, Sergio Khorosh pled guilty to the indictment and was sentenced to a period of imprisonment of 18 months on December 19, 2006 and three years of supervised release. At the time of sentencing, the United States Attorney's Office, by Assistant United States Attorney Michael A. Levy, presented no objection to the return of the In-rem Property or the Currency.

Unbeknownst to the Plaintiffs and Robert Baum, Esq. (Mr. Khorosh's attorney of record in the criminal matter), Customs initiated civil administrative forfeiture proceedings as to the Property and the Currency and forfeited said property. No notice was given to either the Plaintiffs or Robert Baum, Esq., nor would either the Plaintiff or Mr. Baum have reason to know that such administrative proceedings had been initiated.

### **PROCEDURAL HISTORY**

In March 2007, Plaintiffs, through their attorney, placed numerous phone calls with Customs inquiring as to the return of the property that had been seized by Customs.

On or about March 27, 2007, Amy Missimer, a representative of Customs, informed the Plaintiffs' attorney that the Currency and Property had not been forfeited and advised the undersigned to file an Election of Proceedings Form. On June 5, 2007,

---

[2] The charges and disposition of the criminal matter of Sergio Khorosh can be reviewed on the public docket of United States v. Sergio Khoresh, 05 Cr. 571 (JES).

Plaintiffs' attorney made an Election of Proceedings application with Customs for the return of the Currency. A copy of the "Election of Proceedings Form" is attached herein as "Exhibit E". Customs denied the request for the return of the seized property.

On September 24, 2007, Jennifer Petelle, a representative of Customs who took over the claim due to Ms. Missimer's departure from Customs, informed the undersigned's office that the next step was to appeal and request "court action" within Customs. On September 24, 2007, Plaintiffs' attorney sent an appeal letter requesting "court action" to Customs pursuant to Ms. Petelle's representations. A copy of said "court action" request letter is attached herein as "Exhibit F".

On December 18, 2007, Plaintiffs' attorney contacted Ms. Petelle regarding the status of any decision with regards to the appeal letter and request for "court action" and was informed that the Currency and the Property had been forfeited on October 7, 2005. Ms. Petelle also advised counsel that Ms. Missimer and herself were incorrect in advising the Plaintiffs to file an "Election of Proceedings Form". Additionally, Ms. Petelle faxed over a letter to the Plaintiffs' attorney referring the Plaintiffs to the district court for further action. A copy of said letter is attached herein as "Exhibit G".

After exhausting all administrative remedies, Plaintiffs commenced this equitable action requesting the return of the Currency and the Property.

## ARGUMENT

### The Complaint Must Not Be Dismissed And This Action Should Be Treated as a 18 U.S.C. §983(e) Motion

In its moving papers, the Government argues that pursuant to the relevant case-law and the Civil Asset Forfeiture Reform Act of 2000, the Plaintiffs are limited in this Court to challenging the administrative forfeiture of the Property and the Currency under 18 U.S.C. §983(e). Moreover, the Government seeks to have the Complaint dismissed to the extent it seeks any relief other than an order setting aside the administrative forfeiture and treating this action as a motion pursuant to 18 U.S.C. §983(e). The Plaintiffs consent to the treating of this action as a motion pursuant to 18 U.S.C. §983(e).

Section 981 of Title 18, the United States Code, subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable" to certain unlawful activities such as money laundering or trafficking in counterfeit goods and services. 18 U.S.C. §983(e). The provisions of the customs laws relating to summary and judicial forfeiture apply to seizures and forfeitures incurred under Section 981. See 18 U.S.C. §981(d). Under the customs laws, 19 U.S.C. §1602 et seq., property valued at less than $500,000 is subject to summary administrative forfeiture. 19 U.S.C. §§1607-09. **These laws require Customs to provide publication and written notice of seizure and intent to forfeit.** 19 U.S.C. §§1607; 19 C.F.R. §162.31. To prevent summary forfeiture and obtain a judicial forfeiture hearing, a claimant must file a claim to the seized property after receiving notice. 19 U.S.C. §1608.

For the Government to obtain a judgment of forfeiture, it must demonstrate probable cause establishing a nexus between the seized property and illegal drug activity. See United States v. 228 Acres of Land, 916 F.2d 808, 811-812 (2d Cir. 1990), cert

5

denied, 498 U.S. 1091 (1991). Once the administrative forfeiture proceeding is completed, and the claimant no longer has the opportunity to raise objections to the seizure in that forum, civil equitable jurisdiction may be invoked to determine whether proper procedural safeguards were observed. See Polanco v. Drug Enforcement Administration, 158 F.3d 647, 651 (2d Cir. 1998); Boero v. Drug Enforcement Administration, 111 F.3d 301, 304-05 (2d Cir. 1997); United States v. One Jeep Wrangler, 972 F.2d 472, 479 (2d Cir. 1992); Scarabin v. Drug Enforcement Administration, 919 F.2d 337, 338 (5th Cir. 1990)(noting that review of administrative forfeiture is limited to review of procedure).

In April 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA" herein), Pub L. No. 106-185, 11 Stat. 202, codified in part at 18 U.S.C. §983. CAFRA overhauled procedures for most federal civil and non-judicial forfeiture actions filed after August 23, 2000, including those brought against property subject to forfeiture under 18 U.S.C. §981. See United States v. $557,933.89, More or Less, In United States Funds, 287 F.3d 66, 76 n.5 (2d Cir. 2002)(CAFRA "consolidated and dramatically overhauled the procedures for civil…forfeiture proceedings."). CAFRA is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. §983(e)(5); see Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005). In passing CAFRA, "Congress has attempted to create a single avenue for challenging a forfeiture of property seized by the federal government." Guzman v. United States, No. 5 Civ. 4902, 2005 WL 2757544 (S.D.N.Y. Oct. 24, 2005).

Because Customs initiated the forfeiture in this case after August 23, 2000, CAFRA governs, and the Plaintiffs are limited to challenge the administrative forfeiture

6

of the Property and the Currency under 18 U.S.C. §983(e).  The standards for granting a motion for relief under Section 983(e) are as follows:

> e) Motion to set aside forfeiture. –
>
> (1)  Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if –
>
> (A)  the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>
> (2) (A) Notwithstanding the expiration of any applicable statue of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

18 U.S.C. §983(e).  In other words, the Plaintiffs must show that (1) the Government did not provide notice to the Plaintiffs knowing of their interest in the property, and, (2) the Plaintiffs did not have reason to know of the seizure.

In its papers, the Government "opposes the Plaintiffs' application with respect to the second of these two points" enumerated in 18 U.S.C. §983(e).  Specifically, the

7

Government concedes in its papers that Customs did not provide the Plaintiff with written notice and that "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice". In fact, Sergio Khorosh swears that "To date, [he has] not been served personally, by mail, or by any form of communication, with any notice from the United States Government regarding any civil forfeiture proceedings seeking an administrative forfeiture of the Property and the Currency." Exhibit A, ¶13. Vera Khorosh attests that she was not communicated any form of notice from Customs or the Government that Customs was seeking a civil forfeiture of the Property and the Currency. Exhibit B, ¶7. The Government knew that the Currency was the property of Vera Khorosh at the beginning of the underlying criminal proceedings because Mr. Baum informed the Government at the inception of the criminal proceedings. Exhibit B, ¶8; Exhibit C, ¶¶7, 8. Therefore, the Government and Customs were aware of Ms. Khorosh's interest in the Currency and did not take any reasonable steps to provide Ms. Khorosh with notice.

      The second element of a §983(e) motion to set aside a administrative forfeiture is the Plaintiffs must show that "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." As is evidenced by the attached affidavits of Sergio Khorosh, Vera Khorosh, and Robert Baum, Esq., the Plaintiffs and Plaintiff's criminal counsel were not given any notice, whether written or oral, that Customs had any intention to seek an administrative forfeiture of the Property and the Currency. Exhibit A, ¶13; Exhibit B, ¶7; Exhibit C, ¶13. Moreover, Robert Baum, Sergio Khorosh's criminal attorney, was in negotiations to have the Property and the Currency returned by the United States Attorney's Office for the Southern District of

8

New York and had no indications that Customs had intentions to seek forfeiture of the Property and the Currency.  Exhibit C, ¶10.  However, at the end of the criminal proceedings, unbeknownst to Robert Baum and Assistant United States Attorney Michael Levy, Customs had taken the Currency and Property out of the possession of the United States Attorney's Office.  Id.  Additionally, Mr. Baum affirms that, "AUSA Levy presented no objection to the return of the Property and the Currency throughout the criminal proceedings".  Exhibit C, ¶9.  The Plaintiffs were first informed on December 18, 2007 that the Property and the Currency were forfeited on October 7, 2005 by Customs.  See Exhibit G.

      As such, the Plaintiffs have met their burden enumerated in 18 U.S.C. §983(e) and the Court should set aside the administrative forfeiture.  Due to Customs' unlawful disregard for the Plaintiffs' right to notice and right to due process, this Court should order the immediate return of the Property and the Currency to the Plaintiffs.  If denied, the Court should order that the Property and the Currency be placed within the Court's escrow account pending the outcome of this matter as it is apparent that Customs has conducted itself in a less than forthcoming manner.  Due to Customs' conduct, it is imperative that this Court hold the Currency and the Property in escrow pending any outcome of this matter.

## **CONCLUSION**

Based upon the foregoing reasons, this action should be construed as a request for relief under 18 U.S.C. §983(e). The administrative forfeiture of the Property and the Currency should be set aside by this Court. Moreover, due to Customs' complete disregard for the Plaintiff's right to due process, this Court should return the Property and the Currency to Plaintiffs. If denied, the Court should order that the Property and the Currency be placed within the Court's escrow account pending the outcome of this matter as it is apparent that Customs has conducted itself in a less than forthcoming manner. Due to Customs' conduct, it is imperative that this Court hold the Currency and the Property in escrow pending any outcome of this matter.

Dated: Bronx, New York
       May 6, 2008

                                              Respectfully submitted,

                                              Sam Braverman
                                              Attorney for Plaintiffs
                                              (SB5992)
                                              901 Sheridan Avenue
                                              Suite 201
                                              Bronx, New York 10451
                                              (718) 293-1977