UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

SERGIO KHOROSH and VERA                    **Docket No. 08 Civ. 543 (AKH)**
KHOROSH,

                        Plaintiffs,

      -against-

U.S. CUSTOMS AND BORDER
PROTECTION,

                        Defendant.

-----------------------------------------------------X

## MEMORANDUM IN OPPOSITION TO THE MOTION BY THE GOVERNMENT TO DISMISS THE COMPLAINT

Sam Braverman
Attorney for Plaintiffs
901 Sheridan Avenue
Suite 201
Bronx, New York 10451
(718) 293-1977

## INTRODUCTION

The U.S. Customs and Border Protection ("Customs" herein), by Michael Garcia, United States Attorney for the Southern District of New York, Sharon. E. Frase, Assistant United States Attorney, of counsel (the "Government" herein), has moved the Court to dismiss the above-captioned complaint (the "Complaint" or "Compl. ¶ __" herein) filed by the Plaintiffs.  Plaintiffs, Vera Khorosh and Sergio Khorosh, have brought this equitable action for the recovery of property seized and forfeited by Customs in violation of their rights to due process under the Fifth and Fourteenth Amendments.

## BACKGROUND[1]

On May 9, 2005, agents from Customs executed a search warrant of the premises located at 120 Debs Place, Apartment #2B, Bronx, New York 10475.  Plaintiff Sergio Khorosh was the legal resident of the aforementioned premises.  As per the search warrant, the agents seized, among other things, four laptops, one desktop computer, jewelry, a cassette recorder with audio tape, computer disks, a roll of film, a cellular phone, and a camera (the "Property" herein).  Additionally, Customs seized $15,326.00 in United States Currency (the "Currency" herein).  Copies of the relevant Custody Receipts for Seized Property and Evidence issued by Customs are attached collectively herein as "Exhibit 4".  All the Property recovered in Mr. Khorosh's apartment was in his possession and was owned by Mr. Khorosh. However, the Currency that was seized by Customs was owned by Vera Khorosh and given to her son, Sergio, to purchase a motor

---

[1] All factual allegations contained in this section are based upon a review of the discovery from the criminal matter (Docket No. 05 Cr. 571 (JES )) and the affidavits of Sergio Khorosh (attached as "Exhibit 1"), Vera Khorosh (attached as "Exhibit 2"), and Robert Baum, Esq. (attached as "Exhibit 3").  Any specific allegations will be specifically referenced in the text.

vehicle on behalf of Ms. Khorosh. The latter fact was known by Government. <u>Exhibit 3, ¶7-8</u>.

Subsequent to the search of the premises, Sergio Khorosh was charged in United States District Court for the Southern District of New York with Transportation of a Weapon and Trafficking of Counterfeit Goods under Indictment 05 Cr. 571, in violation of 18 U.S.C. §§922(a)(3), 716, 1342, and 2320 (a).[2]  On February 17, 2006, Sergio Khorosh pled guilty to the indictment and was sentenced to a period of imprisonment of 18 months on December 19, 2006 and three years of supervised release.  At the time of sentencing, the United States Attorney's Office, by Assistant United States Attorney Michael A. Levy, presented no objection to the return of the In-rem Property or the Currency.

Unbeknownst to the Plaintiffs and Robert Baum, Esq. (Mr. Khorosh's attorney of record in the criminal matter), Customs initiated civil administrative forfeiture proceedings as to the Property and the Currency and forfeited said property.  No notice was given to either the Plaintiffs or Robert Baum, Esq., nor would either the Plaintiff or Mr. Baum have reason to know that such administrative proceedings had been initiated.

## PROCEDURAL HISTORY

In March 2007, Plaintiffs, through their attorney, placed numerous phone calls with Customs inquiring as to the return of the property that had been seized by Customs.

On or about March 27, 2007, Amy Missimer, a representative of Customs, informed the Plaintiffs' attorney that the Currency and Property had not been forfeited and advised the undersigned to file an Election of Proceedings Form.  On June 5, 2007,

---

[2] The charges and disposition of the criminal matter of Sergio Khorosh can be reviewed on the public docket of <u>United States v. Sergio Khoresh</u>, 05 Cr. 571 (JES).

Plaintiffs' attorney made an Election of Proceedings application with Customs for the return of the Currency.  A copy of the "Election of Proceedings Form" is attached herein as "Exhibit 5".  Customs denied the request for the return of the seized property.

On September 24, 2007, Jennifer Petelle, a representative of Customs who took over the claim due to Ms. Missimer's departure from Customs, informed the undersigned's office that the next step was to appeal and request "court action" within Customs.  On September 24, 2007, Plaintiffs' attorney sent an appeal letter requesting "court action" to Customs pursuant to Ms. Petelle's representations.  A copy of said "court action" request letter is attached herein as "Exhibit 6".

On December 18, 2007, Plaintiffs' attorney contacted Ms. Petelle regarding the status of any decision with regards to the appeal letter and request for "court action" and was informed that the Currency and the Property had been forfeited on October 7, 2005.  Ms. Petelle also advised counsel that Ms. Missimer and herself were incorrect in advising the Plaintiffs to file an "Election of Proceedings Form".  Additionally, Ms. Petelle faxed over a letter to the Plaintiffs' attorney referring the Plaintiffs to the district court for further action.  A copy of said letter is attached herein as "Exhibit 7".

After exhausting all administrative remedies, Plaintiffs commenced this equitable action requesting the return of the Currency and the Property.

**ARGUMENT**

**The Complaint Must Not Be Dismissed And This Action Should Be
Treated as a 18 U.S.C. §983(e) Motion**

In its moving papers, the Government argues that pursuant to the relevant case-
law and the Civil Asset Forfeiture Reform Act of 2000, the Plaintiffs are limited in this
Court to challenging the administrative forfeiture of the Property and the Currency under
18 U.S.C. §983(e).  Moreover, the Government seeks to have the Complaint dismissed to
the extent it seeks any relief other than an order setting aside the administrative forfeiture
and treating this action as a motion pursuant to 18 U.S.C. §983(e).  The Plaintiffs consent
to the treating of this action as a motion pursuant to 18 U.S.C. §983(e).

Section 981 of Title 18, the United States Code, subjects to forfeiture "[a]ny
property, real or personal, which constitutes or is derived from proceeds traceable" to
certain unlawful activities such as money laundering or trafficking in counterfeit goods
and services.  18 U.S.C. §983(e).  The provisions of the customs laws relating to
summary and judicial forfeiture apply to seizures and forfeitures incurred under Section
981.  See 18 U.S.C. §981(d).  Under the customs laws, 19 U.S.C. §1602 et seq., property
valued at less than $500,000 is subject to summary administrative forfeiture.  19 U.S.C.
§§1607-09.  **These laws require Customs to provide publication and written notice of
seizure and intent to forfeit.**  19 U.S.C. §§1607; 19 C.F.R. §162.31.  To prevent
summary forfeiture and obtain a judicial forfeiture hearing, a claimant must file a claim
to the seized property after receiving notice.  19 U.S.C. §1608.

 For the Government to obtain a judgment of forfeiture, it must demonstrate
probable cause establishing a nexus between the seized property and illegal drug activity.
See United States v. 228 Acres of Land, 916 F.2d 808, 811-812 (2d Cir. 1990), cert

denied, 498 U.S. 1091 (1991).  Once the administrative forfeiture proceeding is

completed, and the claimant no longer has the opportunity to raise objections to the

seizure in that forum, civil equitable jurisdiction may be invoked to determine whether

proper procedural safeguards were observed.  See Polanco v. Drug Enforcement

Administration, 158 F.3d 647, 651 (2d Cir. 1998); Boero v. Drug Enforcement

Administration, 111 F.3d 301, 304-05 (2d Cir. 1997); United States v. One Jeep

Wrangler, 972 F.2d 472, 479 (2d Cir. 1992); Scarabin v. Drug Enforcement

Administration, 919 F.2d 337, 338 (5th Cir. 1990)(noting that review of administrative

forfeiture is limited to review of procedure).

In April 2000, Congress enacted the Civil Asset Forfeiture Reform Act of 2000

("CAFRA" herein), Pub L. No. 106-185, 11 Stat. 202, codified in part at 18 U.S.C. §983.

CAFRA overhauled procedures for most federal civil and non-judicial forfeiture actions

filed after August 23, 2000, including those brought against property subject to forfeiture

under 18 U.S.C. §981.  See United States v. $557,933.89, More or Less, In United States

Funds, 287 F.3d 66, 76 n.5 (2d Cir. 2002)(CAFRA "consolidated and dramatically

overhauled the procedures for civil…forfeiture proceedings.").  CAFRA is "the exclusive

remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."

18 U.S.C. §983(e)(5); see Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th

Cir. 2005).  In passing CAFRA, "Congress has attempted to create a single avenue for

challenging a forfeiture of property seized by the federal government."  Guzman v.

United States, No. 5 Civ. 4902, 2005 WL 2757544 (S.D.N.Y. Oct. 24, 2005).

Because Customs initiated the forfeiture in this case after August 23, 2000,

CAFRA governs, and the Plaintiffs are limited to challenge the administrative forfeiture

of the Property and the Currency under 18 U.S.C. §983(e). The standards for granting a

motion for relief under Section 983(e) are as follows:

> e) Motion to set aside forfeiture. –

>> (1)  Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if –

>>> (A)  the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

>>> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

>> (2) (A) Notwithstanding the expiration of any applicable statue of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

18 U.S.C. §983(e).  In other words, the Plaintiffs must show that (1) the Government did

not provide notice to the Plaintiffs knowing of their interest in the property, and, (2) the

Plaintiffs did not have reason to know of the seizure.

In its papers, the Government "opposes the Plaintiffs' application with respect to

the second of these two points" enumerated in 18 U.S.C. §983(e).  Specifically, the

Government concedes in its papers that Customs did not provide the Plaintiff with written notice and that "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice".  In fact, Sergio Khorosh swears that "To date, [he has] not been served personally, by mail, or by any form of communication, with any notice from the United States Government regarding any civil forfeiture proceedings seeking an administrative forfeiture of the Property and the Currency."  Exhibit 1, ¶13.  Vera Khorosh attests that she was not communicated any form of notice from Customs or the Government that Customs was seeking a civil forfeiture of the Property and the Currency.  Exhibit 2, ¶7.  The Government knew that the Currency was the property of Vera Khorosh at the beginning of the underlying criminal proceedings because Mr. Baum informed the Government at the inception of the criminal proceedings.  Exhibit 2, ¶8; Exhibit 3, ¶¶7, 8.  Therefore, the Government and Customs were aware of Ms. Khorosh's interest in the Currency and did not take any reasonable steps to provide Ms. Khorosh with notice.

The second element of a §983(e) motion to set aside a administrative forfeiture is the Plaintiffs must show that "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim."  As is evidenced by the attached affidavits of Sergio Khorosh, Vera Khorosh, and Robert Baum, Esq., the Plaintiffs and Plaintiff's criminal counsel were not given any notice, whether written or oral, that Customs had any intention to seek an administrative forfeiture of the Property and the Currency.  Exhibit 1, ¶13; Exhibit 2, ¶7; Exhibit 3, ¶13.  Moreover, Robert Baum, Sergio Khorosh's criminal attorney, was in negotiations to have the Property and the Currency returned by the United States Attorney's Office for the Southern District of New York

and had no indications that Customs had intentions to seek forfeiture of the Property and the Currency. Exhibit 3, ¶10. However, at the end of the criminal proceedings, unbeknownst to Robert Baum and Assistant United States Attorney Michael Levy, Customs had taken the Currency and Property out of the possession of the United States Attorney's Office. Id. Additionally, Mr. Baum affirms that, "AUSA Levy presented no objection to the return of the Property and the Currency throughout the criminal proceedings". Exhibit 3, ¶9. The Plaintiffs were first informed on December 18, 2007 that the Property and the Currency were forfeited on October 7, 2005 by Customs. See Exhibit 7.

As such, the Plaintiffs have met their burden enumerated in 18 U.S.C. §983(e) and the Court should set aside the administrative forfeiture. Due to Customs' unlawful disregard for the Plaintiffs' right to notice and right to due process, this Court should order the immediate return of the Property and the Currency to the Plaintiffs. If denied, the Court should order that the Property and the Currency be placed within the Court's escrow account pending the outcome of this matter as it is apparent that Customs has conducted itself in a less than forthcoming manner. Due to Customs' conduct, it is imperative that this Court hold the Currency and the Property in escrow pending any outcome of this matter.

## **CONCLUSION**

Based upon the foregoing reasons, this action should be construed as a request for relief under 18 U.S.C. §983(e). The administrative forfeiture of the Property and the Currency should be set aside by this Court. Moreover, due to Customs' complete disregard for the Plaintiff's right to due process, this Court should return the Property and the Currency to Plaintiffs. If denied, the Court should order that the Property and the Currency be placed within the Court's escrow account pending the outcome of this matter as it is apparent that Customs has conducted itself in a less than forthcoming manner. Due to Customs' conduct, it is imperative that this Court hold the Currency and the Property in escrow pending any outcome of this matter.

Dated: Bronx, New York
       May 6, 2008

                                        Respectfully submitted,


                                        Sam Braverman
                                        Attorney for Plaintiffs
                                        (SB5992)
                                        901 Sheridan Avenue
                                        Suite 201
                                        Bronx, New York 10451
                                        (718) 293-1977

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

SERGIO KHOROSH and VERA                    Docket No. 08 Civ. 543 (AKH)
KHOROSH,

**AFFIDAVIT**

                    Plaintiffs,

     -against-

U.S. CUSTOMS AND BORDER
PROTECTION,

                    Defendant.
----------------------------------------------------X
STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF BRONX     )

**SERGIO KHOROSH**, being duly sworn, deposes and says:

    1.     I am one of the named Plaintiffs in the above-entitled action.

    2.     On May 9, 2005, I was the legal resident of 120 Debs Place, Apartment #2B, Bronx, New York 10475 (the "Premises" herein).

    3.     The apartment of 120 Debs Place, Apartment #2B, Bronx, New York 10475 was owned by my father, Grigory Khorosh on May 9, 2005.

    4.     On May 9, 2005, agents from the United States Customs and Border Protection ("Customs" herein) executed a search warrant of the Premises.

    5.     Customs seized certain items that belonged to me which were not apart of any criminal transaction or related to any criminality.  Some of my property that was taken from the Premises included, but is not limited to, four (4) laptops, jewelry, a cassette recorder with tape, computer disks, a roll of film, about ten (10) cellular phones, and a camera (the "Property" herein).

    6.     The Property seized belonged to me.

7.    I did not use the Property in the commission of any criminal transaction nor did I intend to use the Property in any criminal transaction or for any criminal purposes.

8.    Additionally, Customs seized $15,326.00 in United States Currency (the "Currency" herein) which belonged to my mother, Vera Khorosh.

9.    My mother, Vera Khorosh, gave me the Currency in order to facilitate my purchasing of a motor vehicle for her.  The reason she gave me the Currency was for my use of the Currency at an auction to purchase a van.

10.    I was arrested on May 9, 2005 by Customs for transportation of a weapon and trafficking of counterfeit goods under Indictment 05 Cr. 571.

11.    On February 17, 2006, I pled guilty to the Indictment.

12.    On December 20, 2006, I was sentenced to a period of imprisonment of 18 months and three years of supervised release.

13.    To date, I have not been served personally, by mail, or by any form of communication, with any notice from the United States Government regarding any civil forfeiture proceedings seeking an administrative forfeiture of the Property and the Currency.

14.    Based upon the foregoing reasons, the Complaint should not be dismissed and this action should be treated as a 18 U.S.C. §983(e) motion.  Moreover, the Court should set aside the Administrative forfeiture of the Property and the Currency and order the immediate return of the Property and the Currency.


SERGIO KHOROSH

Sworn to and before me
This 23 day of April , 2008

NOTARY PUBLIC


Icelsa P. Gonzalez
Notary Public, New York County
Registration#-01GO6156940
My Commission Expires 12/04/20 10

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

SERGIO KHOROSH and VERA
KHOROSH,

                Plaintiffs,

     -against-

U.S. CUSTOMS AND BORDER
PROTECTION,

                Defendant.
----------------------------------------------------X

Docket No. 08 Civ. 543 (AKH)

**AFFIDAVIT**

STATE OF NEW YORK    )
                        )  ss.:
COUNTY OF BRONX    )

**VERA KHOROSH**, being duly sworn, deposes and says:

    1.     I am one of the named Plaintiffs in the above-entitled action.

    2.     On May 9, 2005, my husband, Grigory Khorosh, was the legal owner of 120 Debs Place, Apartment #2B, Bronx, New York 10475 (the "Premises" herein).

    3.     The apartment of 120 Debs Place, Apartment #2B, Bronx, New York 10475 was occupied by my son, Sergio Khorosh on May 9, 2005.

    4.     On May 9, 2005, agents from the United States Customs and Border Protection ("Customs" herein) executed a search warrant of the Premises.

    5.     Customs seized $15,326.00 in United States Currency (the "Currency" herein) which was my currency.

    6.     This money belonged to me and I gave the Currency to my son, Sergio Khorosh, so that he could purchase a motor vehicle for me so that I may use it for business purposes. My son, Sergio Khorosh, was to use the Currency at an auction to purchase the motor vehicle.

7.      To date, I have not been served personally, by mail, or by any form of communication, with any notice from the United States Government regarding any civil forfeiture proceedings seeking an administrative forfeiture of the Currency.

8.      The United States Government was put on notice that the Currency was my property during the prosecution of my son, Mr. Khorosh, under Indictment 05 Cr. 571.

9.      Based upon the foregoing reasons, the Complaint should not be dismissed and this action should be treated as a 18 U.S.C. §983(e) motion.  Moreover, the Court should set aside the Administrative forfeiture of the Property and the Currency and order the immediate return of the Property and the Currency.

_____
VERA KHOROSH

Sworn to and before me
This 23 day of April, 2008

_____
NOTARY PUBLIC

Icelsa P. Gonzalez
Notary Public, New York County
Registration#-01GO6156940
My Commission Expires 12/04/20 10

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SERGIO KHOROSH and VERA                    Docket No. 08 Civ. 543 (AKH)
KHOROSH,
                                           **AFFIDAVIT**

               Plaintiffs,

    -against-

U.S. CUSTOMS AND BORDER
PROTECTION,

               Defendant.
---------------------------------------------------------------X
STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF BRONX    )

**ROBERT BAUM, ESQ.**, being duly sworn, deposes and says:

1.    I am an attorney with the Federal Defenders of New York, Inc.

2.    I was the attorney of record for Sergio Khorosh, under Indictment 05 Cr. 571, from the inception of the criminal matter (arraignment) and as such am fully familiar with the facts and circumstances of the underlying criminal matter.

3.    On or about May 9, 2005, Sergio Khorosh was arrested and charged with transportation of a weapon and trafficking of counterfeit goods in violation of 18 U.S.C. §§§§922(a)(3), 716, 1342, and 2320(a).

4.    Prior to Sergio Khorosh's arrest, the United States Customs and Border Protection ("Customs" herein) executed a search warrant of 120 Debs Place, Apartment #2B, Bronx, New York 10475 ("Premises" herein).

5.    Sergio Khorosh was the tenant of the Premises, which was owned by Vera Khorosh, Sergio Khorosh's mother.

6.      Customs seized certain items that belonged to Sergio Khorosh which were not apart of any criminal transaction or related to any criminality.  Some of Mr. Khorosh's property that was taken from the Premises included, but is not limited to, four (4) laptops, one desktop computer, jewelry, a cassette recorder with tape, computer disks, a roll of film, a cellular phone, and a camera (the "Property" herein).  Additionally, Customs seized $15,326.00 in United States Currency (the "Currency" herein) which was owned by Vera Khorosh.

7.      Upon information and belief, Vera Khorosh gave the Currency to her son, Sergio Khorosh, so that he could purchase a motor vehicle for her.  Sergio Khorosh was to use the Currency at an auction of motor vehicles.

8.      All of these facts were communicated to the United States Government, specifically Assistant United States Attorney Michael A. Levy.

9.      In fact, AUSA Levy presented no objection to the return of the Property and the Currency throughout the criminal proceedings.

10.     I attempted to negotiate the return of the Property and the Currency with the US Government; however, it became apparent at the end of the criminal proceedings that Customs had taken the Property and the Currency out of the possession of the US Attorney's Office for the Southern District of New York.

11.     I was the attorney of record from the inception of the criminal charges against Sergio Khorosh and continued to be the attorney of record until the sentencing, December 19, 2006.

12.     The US Government, specifically Customs, was aware of my representation of Sergio Khorosh.

2

13.    At no time did I receive any notice that Customs was commencing civil forfeiture proceedings or had the intention to commence civil forfeiture proceedings seeking an administrative forfeiture of the Property and the Currency.

ROBERT BAUM

Sworn to and before me
This 22 day of April , 2008

NOTARY PUBLIC

GLENN ALMAS
Notary Public, State of New York
No. 43-4966183
Qualified in Richmond County
Commission Expires April 30, 20 10

3

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

3077201

# CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09          N Y F I

| 1. FPF No. 2 0 0 5 1 0 0 1 0 0 0 3 1 1 0 1 | 2. Incident No. 2 0 0 5 5 Z C 0 6 5 7 3 7 C 1 |
|---|---|

| 3. Investigative Case No. N Y 0 8 P R 0 5 N Y 0 0 2 4 | 4. Enforce No. ☐☐☐☐☐☐☐☐☐☐ |
|---|---|

| 5. Prior Detention? Yes ☐ · No ☒   If yes, CBP 6051D No._____ | 6. Date Seized (mm/dd/yyyy) 05/04/05 | 7. Time Seized (Use 24 Hrs) 0900 | 8. FDIN/Misc. |
|---|---|---|---|

| 9. Seized From: Name: Khorosh, Sergey  Address: 120 Debs Place - 2B   Bronx, NY 10475  Telephone No. (  )          Ext: | 10. Entry No. | 11. Seal or Other ID Nos. |
|---|---|---|
| | 12. Remarks: | |

13. Send Correspondence to:

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty. | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 001 | US Currency (Estimated) | 1 | PEB | 200 | EA | $ 15,326— |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

| 15. Seizing Officer S/A John CIANCI   Print Name | X  (signature) Signature | 05/04/05 Date |
|---|---|---|

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CBP Form 6051A Continuation Sheet Attached? Yes ☐ No ☐          CBP Form 6051S (03/04)

CBP Retains Original

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

**29440**

# CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09    *NYCF*

| 1. FPF No. 2 0 0 5 1 0 0 1 0 6 0 3 1 1 0 1 | 2. Incident No. 2 0 0 5 5 2 0 0 6 5 7 3 7 0 1 |
|---|---|

| 3. Investigative Case No. N Y 0 8 P R 0 5 N Y 0 0 2 4 | 4. Enforce No. |
|---|---|

| 5. Prior Detention? Yes ☐ No ☒   If yes, CBP 6051D No._____ | 6. Date Seized (mm/dd/yyyy) 05/09/05 | 7. Time Seized (Use 24 Hrs) 09:00 | 8. FDIN/Misc. |
|---|---|---|---|

| 9. Seized From: Name: Khorosh, Sergey | 10. Entry No. | 11. Seal or Other ID Nos. |
|---|---|---|
| Address: 120 Debs Place - 2B Bronx, NY 10475 | 12. Remarks: | |

Telephone No. ( )    Ext:

13. Send Correspondence to:

**14. PROPERTY** ( By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number / Type | d. Measurements Qty. / UM | e. Est. Dom. Value |
|---|---|---|---|---|
| 058 | LapTop/S# 09543672-1  SATELLITE PRO | | 1  en | $ NCV |
| 059 | LapTop/Agro 4/33 C  Compaq-Contura | | 1  en | $ NCV |
| 060 | LapTop/S# 1V18KKH64296  Compaq Prosario700 | | 1  en | $ NCV |
| 061 | LapTop/Toshiba 741811 20Q | | 1  en | $ NCV |
| 062 | CPU/HardDisk No marking  Generic | | 1  en | $ NCV |
| | | | | $ |

| 15. Seizing Officer | | | |
|---|---|---|---|
| S/A John Cianci | X (signature) | | 05/09/05 |
| Print Name | Signature | | Date |

**16. ACCEPTANCE / CHAIN OF CUSTODY**

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 58, 59, 60 61, 62 | Line Items 58-62 | Michael Twola SSA | (signature) | 05/1/05 |
| 61 | As stated above | Eric Chan | (signature) | 5/11/05 |
| 61 | As stated above | Bob Williams | (signature) | 6/13/05 |

CBP Form 6051A Continuation Sheet Attached? Yes ☐ No ☐                CBP Form 6051S (03/04)

CBP Retains Original

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

3077250

# CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09     *NYFI*

| 1. FPF No. 2 0 0 5 1 C U 1 4 0 3 1 0 1 | 2. Incident No. 2 0 0 5 5 2 0 6 5 7 3 7 0 1 |
|---|---|
| 3. Investigative Case No. M Y 0 8 P R 0 5 M Y 0 0 2 4 | 4. Enforce No. |

| 5. Prior Detention? Yes ☐  No ☒  If yes, CBP 6051D No._____ | 6. Date Seized (mm/dd/yyyy) 05/09/05 | 7. Time Seized (Use 24 Hrs) | 8. FDIN/Misc. |
|---|---|---|---|

| 9. Seized From: Name: Khorosh, Sergey | 10. Entry No. | 11. Seal or Other ID Nos. |
|---|---|---|
| Address: 120 Debs Place - 2B  Bronx, NY 10475 | 12. Remarks: | |
| Telephone No. (  )          Ext: | Fund in Safe LZ# 067 | |

13. Send Correspondence to:

**14. PROPERTY ( By Line Item) Attach CBP 58 if conveyance**

| a. Line Item No. | b. Description | c. Packages Number   Type | d. Measurements Qty.   UM | e. Est. Dom. Value |
|---|---|---|---|---|
| 076 | Hand cuffs - SA 98805   HWC | 1 | en | $ NCV |
| 077 | Jewelry - metal   Gold colored | 5 | ea | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

| 15. Seizing Officer S/A John Cianci | X | 05/09/05 |
|---|---|---|
| Print Name | Signature | Date |

**16. ACCEPTANCE / CHAIN OF CUSTODY**

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CBP Form 6051A Continuation Sheet Attached?   Yes ☐   No ☐          CBP Form 6051S (03/04)

CBP Retains Original

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

3077060

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09    *NYFI*

| 1. FPF No. 2 0 0 5 1 0 0 1 0 0 0 3 1 1 0 1 | 2. Incident No. 2 0 0 5 5 Z C 0 0 6 5 7 3 7 0 1 |
|---|---|
| 3. Investigative Case No. N Y 0 8 P R 0 5 N Y 0 0 2 4 | 4. Enforce No. |

| 5. Prior Detention? Yes ☐ No ☒ If yes, CBP 6051D No._____ | 6. Date Seized (mm/dd/yyyy) 05/09/05 | 7. Time Seized (Use 24 Hrs) 09:00 | 8. FDIN/Misc. |
|---|---|---|---|

| 9. Seized From: Name: Khorosh, Sergey  Address: 120 Debs Place - 2B  Bronx, NY 10475  Telephone No. ( )        Ext: | 10. Entry No. | 11. Seal or Other ID Nos. |
|---|---|---|
| | 12. Remarks: | |

13. Send Correspondence to:

### 14. PROPERTY ( By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number    Type | d. Measurements Qty.    UM | e. Est. Dom. Value |
|---|---|---|---|---|
| 070 | Cassette Recorder w/Tape | | 1    en | $ NCV |
| 071 | Computer Disks | | 57    en | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

| 15. Seizing Officer S/A John Cianci | Print Name | X (signature) | 05/09/05 Date |
|---|---|---|---|

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CBP Form 6051A Continuation Sheet Attached? Yes ☐ No ☐                CBP Form 6051S (03/04)

CBP Retains Original

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

3077059

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09    N Y F I

| 1. FPF No. 2 0 0 5 1 C C 1 C 0 0 3 1 1 0 1 | 2. Incident No. 2 0 0 5 5 2 0 0 6 5 7 3 7 0 1 |
|---|---|
| 3. Investigative Case No. N Y 0 8 P R U S N Y 0 0 2 4 | 4. Enforce No. ☐☐☐☐☐☐☐☐☐☐☐☐ |

| 5. Prior Detention? Yes ☐  No ☒  If yes, CBP 6051D No. _____ | 6. Date Seized (mm/dd/yyyy) 05/09/05 | 7. Time Seized (Use 24 Hrs) 09:00 | 8. FDIN/Misc. |
|---|---|---|---|

| 9. Seized From: Name: Khorosh, Sergey  Address: 120 Debs Place - 2B  Bronx, NY 10475  Telephone No. (   )    Ext: | 10. Entry No. | 11. Seal or Other ID Nos. |
|---|---|---|
| | 12. Remarks: | |

13. Send Correspondence to:

### 14. PROPERTY (By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number / Type | d. Measurements Qty. / UM | e. Est. Dom. Value |
|---|---|---|---|---|
| 068 | Roll of Film From LI056 | | 1 / ea | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |
| | | | | $ |

| 15. Seizing Officer S/A Cianci, John     X [signature]     05/09/05 |
|---|
| Print Name                Signature                Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CBP Form 6051A Continuation Sheet Attached? Yes ☐ No ☐          CBP Form 6051S (03/04)

CBP Retains Original

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

3077100

## CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09     NYFI

| 1. FPF No. 2 0 0 5 1 0 0 1 0 0 0 3 1 1 0 1 | 2. Incident No. 2 0 0 5 5 2 0 0 6 5 7 3 7 0 1 |
|---|---|

| 3. Investigative Case No. N Y 0 8 P R 0 5 N Y 0 0 2 4 | 4. Enforce No. |
|---|---|

| 5. Prior Detention? Yes ☐  No ☒  If yes, CBP 6051D No. _____ | 6. Date Seized (mm/dd/yyyy) 05/09/05 | 7. Time Seized (Use 24 Hrs) 09:00 | 8. FDIN/Misc. |
|---|---|---|---|

| 9. Seized From: Name: Khorosh, Sergey  Address: 120 Debs Place - 2B  Bronx, NY 10475  Telephone No. (  )          Ext: | 10. Entry No. | 11. Seal or Other ID Nos. |
|---|---|---|
| | 12. Remarks: | |

13. Send Correspondence to:

### 14. PROPERTY ( By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number / Type | d. Measurements Qty. / UM | e. Est. Dom. Value |
|---|---|---|---|---|
| 053 | Inventory attached  Police Clothing/Paraphernalia | 2   Box | | $ NCV |
| 054 | Portable Radios/Scanners | | 22   ea | $ |
| 055 | Radio Charger | | 2   ea | $ |
| 056 | Camera  Minolta 5000 | | 1   ea | $ |
| 057 | Bullet Proof Vest | | 1   ea | $ |
| | | | | $ |

| 15. Seizing Officer | | | |
|---|---|---|---|
| S/A Cianci, John | X | | 05/09/05 |
| Print Name | Signature | | Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CBP Form 6051A Continuation Sheet Attached?  Yes ☐  No ☐          CBP Form 6051S (03/04)

CBP Retains Original

U.S. DEPARTMENT OF HOMELAND SECURITY
Bureau of Customs and Border Protection

3077209

# CUSTODY RECEIPT for SEIZED PROPERTY and EVIDENCE

Handbook 5200-09    *NYFI*

| 1. FPF No. | | 2. Incident No. | |
|---|---|---|---|
| 2 0 0 5 1 0 0 1 0 0 6 3 1 0 1 | | 2 0 0 5 2 2 0 0 6 5 7 5 7 0 1 | |

| 3. Investigative Case No. | 4. Enforce No. |
|---|---|
| N Y 0 8 P R 0 5 N Y 0 0 2 4 | ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ |

| 5. Prior Detention? | 6. Date Seized (mm/dd/yyyy) | 7. Time Seized (Use 24 Hrs) | 8. FDIN/Misc. |
|---|---|---|---|
| Yes ☐  No ☒  If yes, CBP 6051D No._____ | 05/09/05 | 09:00 | |

**9. Seized From:**
Name: _Khorosh, Sergey_

Address: _120 Debs Place - 2B_

_Bronx, NY 10475_

Telephone No. (  )          Ext:

**10. Entry No.**

**11. Seal or Other ID Nos.**

**12. Remarks:**

**13. Send Correspondence to:**

## 14. PROPERTY ( By Line Item) Attach CBP 58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurements Qty. | UM | e. Est. Dom. Value |
|---|---|---|---|---|---|---|
| 063 | Cellular Phone | | | 3 | ea | $ NCV |
| 064 | Empty Credential/Badge Holder | | | | | $ |
| 065 | State of New York Police Placard #58966 | Cardboard Placard | | 1 | ea | $ |
| 066 | Wall Plaques of Mini Badges | | | 2 | ea | $ |
| 067 | Small Safe | | | 1 | ea | $ NCV |
| | | | | | | $ |

| 15. Seizing Officer | | | |
|---|---|---|---|
| S/A John Cianci | x _(signature)_ | | 05/09/05 |
| Print Name | Signature | | Date |

### 16. ACCEPTANCE / CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CBP Form 6051A Continuation Sheet Attached? Yes ☐ No ☐        CBP Form 6051S (03/04)

CBP Retains Original

## ELECTION OF PROCEEDINGS
## CAFRA FORM AF

**NOTE: THIS FORM MUST BE COMPLETED AND RETURNED WITH YOUR PETITION OR OFFER. IF YOU DO NOT COMPLETE AND RETURN THIS FORM, CUSTOMS SHALL PROCEED TO FORFEIT THE PROPERTY ADMINISTRATIVELY, REGARDLESS OF WHETHER YOU FILE A PETITION OR OFFER.**

TO: CUSTOMS FINES, PENALTIES AND FORFEITURES OFFICER:

I understand that property in which I have an interest has been seized by the U.S. Customs Service under Case No. 2005520065737 01

Check ONLY ONE (1) of the following choices:

1. [X] I REQUEST THAT THE CUSTOMS SERVICE DELAY FORFEITURE PROCEEDINGS AND CONSIDER MY PETITION OR OFFER ADMINISTRATIVELY. My petition or offer is attached. By making this request, I understand that I am giving up my right (1) for the immediate commencement of administrative forfeiture proceedings immediately, as provided under title 19, United States Code (USC), section 1607 and title 19, Code of Federal Regulations (CFR), section 162.45, or (2) immediate referral to the U.S. Attorney for court action, as provided by 19 USC 1603 and 19 CFR 162.47. If administrative forfeiture has begun, it will be stopped until my petition or offer is considered. However, I understand that at any time I can request, in writing, that you begin administrative forfeiture proceedings and you will continue to consider my petition or offer. I also understand that at any time I can file a claim with you (as described in the box 3 below) and Customs consideration of my petition or offer will stop and the case will be sent to the U.S. Attorney for court action.

2. [ ] I ABANDON THE PROPERTY AND I REQUEST THAT THE CUSTOMS SERVICE BEGIN ADMINISTRATIVE PROCEEDINGS TO FORFEIT THE PROPERTY. Please immediately begin publication of the notice of seizure and intent to forfeit. I abandon any claim or interest in the property.

3. [ ] I REQUEST THAT THE CUSTOMS SERVICE SEND MY CASE FOR COURT ACTION. Please immediately send the case to the U.S. Attorney for court action. I have fully completed, signed and attached a SEIZED ASSET CLAIM FORM as required by law. I understand that if I have not fully completed this form that you will treat my submission as a petition for relief under Box 1 described above.

_____          _____
Signature                          Date

# Law Office of Sam Braverman

901 Sheridan Avenue
Bronx, New York 10451
Tel (718) 293-1977
Fax (718) 293-5395

PO Box 127
Tenafly, New Jersey 07670
Braverlaw@aol.com

June 5, 2007

Amy Missimer
Immigration and Customs Enforcement Agency
Office of Fines, Penalties, and Forfeiture
1100 Raymond Boulevard
Newark, New Jersey 07102

**Re:**     **Vera Khorosh**
           **Seizure No. 2005SZ006573701**

Dear Ms. Missimer:

As you are aware, my office represents Vera Khorosh in the above-referenced matter. Attached please find an "Election of Proceeding" Form for the above-referenced matter.

On or about May 9, 2005, agents from the US Immigration and Customs Enforcement Agency ("ICE" herein) executed a search warrant of 120 Debs Place, Apartment 2B in Bronx, New York ("Premises" herein). Ms. Khorosh owns and operates the Premises. During the execution of the search warrant, United States currency in the amount of $19,326.00 was discovered and then seized by the ICE agents. The currency was in the form of cash and was seized as possible instrumentalities of the commission of a crime.

Sergio Khorosh was later arrested in relation to the search of Ms. Khorosh's apartment. Mr. Khorosh has pled guilty to certain crimes under criminal docket number 05-cr-00571 and has received eighteen months of incarceration. Mr. Khorosh was not charged with any crime relating to the seized US currency. The Department of Justice takes no position on the forfeiture of the US currency.

Therefore, ICE has no justification under 18 U.S.C. §1981 to forfeit the seized money and the seized money should be returned to Vera Khorosh. I have attached an Election of Proceeding form in order to delay any forfeiture proceeding and for consideration of Vera Khorosh's petition for the return of the above-mentioned money.

Thank you for you time and attention in this matter.  If you have any questions, feel free to contact me at my office.

Very truly yours,

Sam Braverman

# THE LAW OFFICE OF SAM BRAVERMAN

## 901 SHERIDAN AVENUE

### BRONX, N.Y. 10451

### (718) 293-1977

### (718) 293-5395

---

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>Amy Missimer | FROM:<br>Giovanni Rosania, Esq. |
|---|---|
| COMPANY:<br>Immigration and Customs Enforcement Agency – Office of Fines, Penalties and Forfeiture | DATE:<br>6/5/2007 |
| FAX NUMBER:<br>(973) 368-6082 | TOTAL NO. OF PAGES INCLUDING COVER:<br>4 |
| PHONE NUMBER:<br>(973) 368-6066 | CC: |
| RE:<br>Vera Khorosh – Seizure No. 2005SZ006573701 | CC FAX: |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

1100 Raymond Boulevard
Newark, NJ 07102



**U.S. Customs and
Border Protection**

ENF 4-02 AD:N:F AM
CN: 2005-1001-000311-01

Sam Beaverman
901 Sheridan Avenue                                        **AUG 0 7 2007**
Bronx, NY 10451

Dear Mr. Beaverman

Reference is made to your petition dated June 5, 2007 filed on behalf of
Vera Khorosh. **$15,326.00 in U.S. Currency** was seized by the U.S.
Customs Service from Sergey Khorosh on May 4, 2005 under the
provisions of Title 18, United States Code, 981, because it was involved
in a transaction or attempted transaction (or was traceable to such) in
violation of Title 18, United States Code, section 1956, to wit, a scheme
to launder money.

This money was rightfully forfeited to the United States Government on
October 7, 2005. After reviewing this petition and all of the evidence
presented in this case, it is the decision of this office to deny your petition
and not return the funds to you.

If you require additional information, please contact Ms. Amy Missimer of
my staff at (973) 368-6066. Our fax number is (973) 368-6082.

Sincerely,

Edward P. Nagle
Director
Office of Fines, Penalties, & Forfeitures
Newark /New York Area

# Law Office of Sam Braverman

901 Sheridan Avenue
Bronx, New York 10451
Tel (718) 293-1977
Fax (718) 293-5395

PO Box 127
Tenafly, New Jersey 07670
Braverlaw@aol.com

September 24, 2007

Jennifer Petelle
Bureau of Customs and Border Protection
Office of Fines, Penalties and Forfeitures
1100 Raymond Boulevard
Newark, New Jersey 07102

**Re:**    **Vera Khorosh**
           **Seizure No. 2005SZ006573701**
           **Your File No. 2005-1001-000311-01**

Dear Ms. Petelle:

As you are aware, my office represents Vera Khorosh in the above-referenced matter. I am in receipt of the enclosed decision by US Customs and Border Protection ("Agency" herein), dated August 7, 2007, which was faxed over to my office today.

It is at this time that I express my interest in appealing the enclosed Agency's decision and am requesting court action. As per our telephone conversation today, the aforementioned decision is a "final" agency decision from US Customs and Border Protection. Therefore, pursuant to 28 U.S.C. §2401, Ms. Khorosh has six years from the date of the final agency decision to commence a civil suit against the US Customs and Border Protection.

I respectfully request to appeal the Agency's decision and request court action in this matter. Thank you for your time and attention in this matter. If you have any questions, feel free to contact me at my office.

Very truly yours,

Giovanni Rosania, Esq.

1100 Raymond Boulevard
Newark, NJ 07102



**U.S. Customs and
Border Protection**

Giovanni Rosania, Esq.
Law Office of Sam Braverman
301 Sheridan Avenue
Bronx, NY 10451

ENF -4-02 AD:N:F JP
CN: 2005-1001-000311-01

**NOV 2 6 2007**

Dear Mr. Rosania:

Reference is made to the petition made on behalf of Vera Khorosh regarding the above-cited case. **$15,326.00 in United States Currency** was seized by U.S. Customs & Border Protection under the provisions of Title 18, United States Code, section 981, because it was involved in a transaction or attempted transaction (or was traceable to such) in violation of Title 18, United States Code, section 1956.

The money was rightfully forfeited to the United States Government on October 7, 2005. As a result, if you wish to file a claim on behalf of Ms. Khorsh, you must do so in United States District Court.

If you require additional information, please contact Ms. Jennifer Petelle of my staff at (973) 368-6052. Our fax number is (973) 368-6082.

Sincerely,

Edward P. Nagle
Director
Office of Fines, Penalties, & Forfeitures
Newark /New York Area

# U.S. CUSTOMS AND BORDER PROTECTION
## Department of Homeland Security

## FACSIMILE TRANSMITTAL
CD 2110-035

Date: **12/18/2007**                                    Control Number:

| TO | | |
|---|---|---|
| Name: | Giovanni Rosania | |
| Organization: | Law Office | |
| Fax Number: | 718-293-5395 | |
| Number of Pages (including cover): | 2 | |

| FROM | | |
|---|---|---|
| Sender: | Jennifer Petelle | |
| Originating Location: | Bureau of Customs and Border Protection Office of Fines, Penalties, and Forfeitures 1100 Raymond Blvd Newark, NJ 07102 | |
| Return FAX Number: | (973) 368-6082 | |
| Voice Number: | (973) 368-6052 | |

**REMARKS**

Mr. Rosania,

Please see the attached information per your request. Please call with any questions.

Thank you.

**Important:** This document may contain confidential and sensitive U.S. Government information. Please deliver it immediately only to the intended recipient(s) listed above. The Bureau of Customs and Border Protection has not approved the documents review, retransmission, dissemination or use by anyone other than the intended recipient(s).

CBP Form 3 (05/03)