UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SERGIO KHOROSH and VERA KHOROSH,

                     Plaintiffs,                **AMENDED COMPLAINT**

    -against-                              Case No. 08 Cv 543 (AKH)

U.S. CUSTOMS AND BORDER
PROTECTION and U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT,

                     Defendants.
-------------------------------------------------------X

      Plaintiffs, SERGIO KHOROSH and VERA KHOROSH, by and through their undersigned attorney, SAM BRAVERMAN, ESQ., complaining of the defendants, alleges on information and belief as follows:

## NATURE OF THE ACTION

      1.     This is an equitable action for recovery of personal property seized and forfeited by U.S. Customs and Border Protection and U.S. Immigration and Customs Enforcement.

## JURISDICTION AND VENUE

      2.     Jurisdiction is predicated upon 28 U.S.C. §§§ 1331, 1355 and 1367.

      3.     Venue is proper in this district because it is where the original action arose in that all personal property that was seized by U.S. Customs and Border Protection and U.S. Immigration and Customs Enforcement was seized in this district.

      4.     Venue is also proper in this district according to 28 U.S.C. § 1355(b)(1)(A)-(B).

**THE PARTIES**

5.  Plaintiff Vera Khorosh is an individual residing in Marlboro, New York in Ulster County with a postal address of P.O. Box 782, Marlboro, New York 12542-0782.

6.  Plaintiff Sergio Khorosh is an individual currently incarcerated in the Metropolitan Detention Center (MDC) Brooklyn located at 80 29th Street, Brooklyn, New York 11232.

7.  Defendant United States Customs and Border Protection ("Customs" herein) is a branch of the United States Department of Homeland Security, an executive branch of the United States government.

8.  Defendant U.S. Immigration and Customs Enforcement ("ICE" herein) is a branch of the United States Department of Homeland Security, an executive branch of the United States government.

**FACTUAL ALLEGATIONS**

9.  On May 9, 2005, agents from Customs and ICE executed a search warrant on 120 Debs Place, Apartment #2B, Bronx, New York 10475.

10. Plaintiff Sergio Khorosh was the resident of the aforementioned apartment.

11. As per the search warrant, the agents from Customs and ICE seized, among other things, four laptop computers, one desktop computer, jewelry, a cassette recorder with tape, computer disks, a roll of film, a cellular phone, a camera, and $15,326.00 in United States currency.  Copies of the relevant Custody Receipts for

Seized Property and Evidence issued by Customs and ICE are attached collectively herein as "Exhibit A".

12. All of the aforementioned seized personal property was located within Sergio Khorosh's apartment and was in his possession.

13. The $15,326.00 in United States currency that was seized by Customs and ICE was owned by Vera Khorosh, Sergio Khorosh's mother.

14. Such currency was given to Mr. Khorosh for the purchase of a motor vehicle by Mr. Khorosh on behalf of Vera Khorosh, which was known to the United States government.

15. Based upon the execution of the aforementioned search warrant, an indictment was filed against Sergio Khorosh in the case of *United States v. Sergio Khorosh*, 05-cr-00571 (S.D.N.Y.).

16. The criminal proceedings in *Khorosh* have since concluded.

17. On or about October 7, 2005, all seized property was forfeited to Customs and ICE.

18. Sergio Khorosh and Vera Khorosh were never notified of any forfeiture proceedings, administrative or judicial, against the above-mentioned seized items of personal property.

19. The United States Department of Justice made no objection to the return of the aforementioned property to the plaintiffs.

20. In March 2007, the undersigned's office placed numerous phone calls with Customs and ICE inquiring as to how to file a claim with the agency for the return of property that has been seized by Customs and ICE.

21. On or about March 27, 2007, Amy Missimer, a representative of Customs and ICE, informed the undersigned's office that the aforementioned items of personal property had not been forfeited and advised the undersigned's office to file an Election of Proceedings Form.

22. On June 5, 2007, an Election of Proceedings application was made by the undersigned's office for the return of the seized currency. A copy of the Election of Proceedings Form along with the letter sent with such form is attached as herein "Exhibit B".

23. Customs and ICE denied the request for the return of the seized property.

24. On September 24, 2007, Jennifer Petelle, a representative of Customs and ICE who took over the claim due to Ms. Missimer's departure from Customs and ICE, informed the undersigned's office that the next step was to appeal and request "court action" within Customs and ICE.

25. On September 24, 2007, the undersigned's office sent an appeal letter requesting "court action" to Customs and ICE pursuant to Ms. Petelle's representations. A copy of said letter is attached herein as "Exhibit C".

26. On December 18, 2007, the undersigned's office contacted Ms. Petelle regarding the status of any decision with regards to the appeal letter and request for "court action".

27. Pursuant to the aforementioned correspondence, Ms. Petelle informed the undersigned's office that the currency had been indeed forfeited on October 7, 2005 and Ms. Missimer and Ms. Petelle were incorrect in advising the undersigned's office of filing an Election of Proceedings Form.

28. Additionally, Ms. Petelle faxed over a letter to the undersigned's office referring the plaintiffs to the district court for further action. A copy of said letter is attached herein as "Exhibit D".

29. As such, all administrative remedies have been exhausted.

**FIRST CAUSE OF ACTION**

30. Paragraphs "1" through "29" of this complaint are incorporated by reference as if fully set forth herein.

31. On May 9, 2005, agents from Customs and ICE seized personal property from Vera Khorosh at 120 Debs Place, Apartment #2B, Bronx, New York 10475, that being $15,326.00 in United States currency.

32. Customs and ICE were aware that said currency was owned by Vera Khorosh.

33. On or about October 7, 2005, Customs and ICE forfeited the $15,326.00 in United States currency without legal justification.

34. Customs and ICE continue to retain possession of the currency.

35. The $15,326.00 seized by Customs and ICE was never found to be involved or attempted to be involved in any criminal transaction.

36. Vera Khorosh was never notified of any forfeiture proceedings with regards to the $15,326.00 in United States currency, administratively or judicially.

37. The aforementioned currency was forfeited in violation of Vera Khorosh's Fifth Amendment and Fourteenth Amendment Right to Due Process.

38. Customs and ICE unreasonably seized and forfeited the Plaintiff's property, thereby depriving her of her right to the property with due process of law or just compensation.

39. Due to the lack of notice and criminality of the funds, the seized and forfeited $15,326.00 in United States currency should be returned to the Plaintiff Vera Khorosh, who at all times lawfully owned these funds, and any purported forfeiture should be reversed.

## SECOND CAUSE OF ACTION

40. Paragraphs "1" through "39" of this complaint are incorporated by reference as if fully set forth herein.

41. On May 9, 2005, agents from Customs and ICE seized personal property from Sergio Khorosh at 120 Debs Place, Apartment #2B, Bronx, New York 10475, that being four laptop computers, one desktop computer, jewelry, a cassette recorder with tape, computer disks, a roll of film, a cellular phone, a camera, and $15,326.00 in United States currency (the "Property" herein).

42. Customs and ICE were aware that the Property was owned and/or possessed by Sergio Khorosh.

43. On or about October 7, 2005, Customs and ICE forfeited the Property without legal justification.

44. Customs and ICE continue to retain possession of the Property.

45. The Property seized by Customs and ICE was never found to be involved or attempted to be involved in any criminal transaction.

46. Sergio Khorosh was never notified of any forfeiture proceedings with regards to the Property, administratively or judicially.

47. The Property was forfeited in violation of Sergio Khorosh's Fifth Amendment and Fourteenth Amendment Right to Due Process.

48. Customs and ICE unreasonably seized and forfeited the Property, thereby depriving Sergio Khorosh of his right to the Property with due process of law or just compensation.

49. Due to the lack of notice and criminality of the Property, the seized and forfeited Property should be returned to the Plaintiff Sergio Khorosh, who at all times lawfully owned or possessed the Property, and any purported forfeiture should be reversed.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs Sergio Khorosh and Vera Khorosh demand the following relief:

    I.    Return of the $15,326.00 in United States currency to Vera Khorosh with appropriate interest;

    II.    Return of the Property to Sergio Khorosh with appropriate interest;

    III.    Reversal of any forfeitures;

    IV.    Legal fees and expenses pursuant to 28 U.S.C. §§ 2412(d) and 2465(b)(1)(A), and as otherwise allowed by law and the Court's inherent power; and,

    V.    Any other relief that this Court deems proper and just.

Respectfully submitted,

**BY:** _____
**SAM BRAVERMAN (SB5992)**
**Attorney for Plaintiffs Sergio Khorosh and Vera Khorosh**
Law Office of Sam Braverman
901 Sheridan Avenue, Suite 201
Bronx, New York 10451
(718) 293-1977